David S. Kupetz (CA Bar No. 125062)
*dkupetz@sulmeyerlaw.com*
Mark S. Horoupian (CA Bar No. 175373)
*mhoroupian@sulmeyerlaw.com*
Marcus A. Tompkins (CA Bar No. 190922)
*mtompkins@sulmeyerlaw.com*
**Sulmeyer**Kupetz
A Professional Corporation
333 South Hope Street, Thirty-Fifth Floor
Los Angeles, California 90071-1406
Telephone: 213.626.2311
Facsimile: 213.629.4520

(Proposed) Attorneys for Project Playlist, Inc., Debtor and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION**

In re

PROJECT PLAYLIST, INC., a Delaware Corporation, fdba Music America, Inc., fdba Music America Records, fdba Projectplaylist.org, fdba Projectplaylist.com, dba Playlist.com, fdba Project Playlist,

Debtor.

Case No. 2:10-bk-42927 TD

Chapter 11

**MOTION FOR ORDER DIRECTING JOINT ADMINISTRATION OF RELATED CASES; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ROBERT DAVIDORF IN SUPPORT THEREOF**

**DATE:** [No Hearing Requested]
**TIME:** [No Hearing Requested]
**PLACE:** U.S. Bankruptcy Court
Courtroom 1345
255 E. Temple Street
Los Angeles, CA 90012

**[Same Motion to be filed in related case of Playlist, Inc., Case No. 2:10-bk-42946-TD]**

///

///

///



**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

**TO THE HONORABLE THOMAS B. DONOVAN, UNITED STATES BANKRUPTCY JUDGE:**

Project Playlist, Inc. ("Project Playlist" or the "Debtor"), the debtor and debtor in possession in the above captioned case, respectfully requests an order directing its case to be jointly administered with the Chapter 11 case of its affiliate, Playlist, Inc. ("Playlist"), which case is also pending before this Court, as case number 2:10-bk-42946-TD. Playlist has also filed an identical motion in its case. The Debtor and Playlist (collectively, the "Related Debtors") request that their cases be treated as a single case for administrative purposes only, and do not request substantive consolidation of their cases at this time.

The Related Debtors respectfully request that joint administration of their estates include, subject to further order of the Court:

(a) the use of a joint pleadings docket (i.e., the docket established for the case of Project Playlist, Inc., case no. 2:10-bk-42927-TD) for the filing of pleadings and the lodging and entry of orders, judgments, and related documents (but excluding schedules of assets and liabilities, statements of financial affairs, Proofs of Claim, requests for payment of administrative expenses, and the notice of joint administration);

(b) the use of a joint pleadings caption;

(c) combined notices to creditors and other parties in interest.

With respect to the joint pleadings docket, the Related Debtors propose that the docket be maintained in the bankruptcy case of Project Playlist, which was the first of the Related Debtors to file a petition. With respect to the joint pleadings caption, the Related Debtors propose to use the case caption attached hereto as **Exhibit 1**. The Related Debtors further request that the Court direct the Clerk of the Court to place a notation in the docket maintained for each of the Related Debtors cases to reflect that their cases are being jointly administered:

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

This motion is brought in accordance with Federal Rule of Bankruptcy Procedure 1015(b) and Local Bankruptcy Rule 1015-1(b), and is made on the ground that joint administration of the cases is appropriate because it will alleviate the necessity for duplicate papers, notices and proceedings before the Court, and thereby minimize costs and ease the administrative burden for the estates, the Court, and interested parties.

This motion is based on the attached Memorandum of Points and Authorities, the supporting declaration(s) and exhibit(s) attached hereto, the arguments of counsel to be made at the hearing on the Motion, and all other admissible evidence properly before the Court.

**WHEREFORE**, the Debtor respectfully request that the Court enter an order:

1. Directing the joint administration of the Related Debtors' Chapter 11 cases as requested herein; and
2. Granting such other relief as the Court deems just and proper.

DATED: August 13, 2010

Respectfully submitted,

**Sulmeyer**Kupetz
A Professional Corporation

By: /s/ Marcus Tompkins
David S. Kupetz
Mark S. Horoupian
Marcus A. Tompkins
(Proposed) Attorneys for Project Playlist, Inc., Debtor and Debtor in Possession

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## RELEVANT BACKGROUND

### A. Description of the Debtor's Business and Relationship with Playlist, Inc.

Project Playlist, Inc. (the "Debtor"), using the trademark *Project Playlist* and the abbreviated marks *Playlist.com* and *Playlist*, has for many years offered goods and services relating to music, entertainment and social networking over the internet. The Debtor operates a website, www.playlist.com (formerly www.projectplaylist.com), where the Debtor hosts an online service that allows its users discover, create, organize, enjoy and share music playlists. On the website, users can find and listen to songs, build playlists of their favorite music, listen to their playlists on a computer, share and build playlists with friends, and add playlists to their favorite website, blog, or social networking profile using a proprietary digital music player developed by the Debtor, known also as a "widget."

The Debtor generates revenue from advertisers who place advertisements for their products or services on the Debtor's website. Cost of sales consist primarily of licensing fees to music copyright holders, streaming and hosting costs, and advertisement serving costs. Operating expenses consist primarily of resource costs and related overhead for sales, development, and administrative functions.

The Debtor's primary assets consist of cash, accounts receivable, and personal property related to the operation of its business, including equipment, trade names and other intellectual property, good will, and contracts.

Playlist, Inc. ("Playlist") holds legal title to the domain name "playlist.com," and that domain name is Playlist's primary asset. The Debtor operates the domain name under an agreement with Playlist. Since Playlist's inception, the Debtor and Playlist have operated, practically speaking, as a single company, and most of the creditors of Playlist

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

are also creditors of Debtor.

On August 25, 2008, the Debtor entered into an arrangement with Playlist whereby Playlist raised $20 million in two rounds of its own financing and provided capital to the Debtor through a convertible loan whereby Playlist provided the Debtor with a $15 million secured credit facility (the "Playlist Loan Facility"). Through the course of 2009 and 2010, the Debtor has repaid Playlist approximately $261,000 on account of the Playlist Loan Facility. In addition, the Debtor entered into a merger agreement with Playlist whereby on satisfaction of certain conditions, namely licenses with all the Labels, the Debtor would be merged into Playlist (the "Merger Agreement"). The Merger Agreement has not been consummated.

**B. The Chapter 11 Filings**

Prior to commencement of the Debtor's bankruptcy case, the Debtor experienced financial difficulties resulting from various factors, including the filing of large confessions of judgment against it arising out of the settlement of certain litigation with various record labels. Due to these circumstances, on August 6, 2010 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), commencing the instant bankruptcy case. On the same day, Playlist also filed its own Chapter 11 petition with this Court, commencing case number 2:10-bk-42946-TD. The Debtor and Playlist (collectively, the "Related Debtors") continue to operate and manage their respective businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

As of the Petition Date, the Merger Agreement between the Debtor and Playlist had not been consummated, and remains an executory contract which the Debtor and Playlist may elect to assume or reject.

By this motion, the Debtor requests joint administration of its case and the case of Playlist.

II.

**JOINT ADMINISTRATION OF THE RELATED DEBTORS' CASES IS APPROPRIATE AND NECESSARY TO PROMOTE EFFICIENT AND ECONOMICAL ADMINISTRATION OF THE RELATED DEBTORS' ESTATES**

Federal Rules of Bankruptcy Procedure 1015(b) authorizes the Court to order joint administration of cases involving two or more related debtors. See Fed. R. Bankr. P. 1015(b). Specifically, Rule 1015 provides, in relevant part, as follows:

> **(b) Cases Involving Two or More Related Debtors.** If a joint petition or two or more petitions are pending in the same court by or against (1) a husband and wife, or (2) a partnership and one or more of its general partners, or (3) two or more general partners, or (4) a debtor and an affiliate, the court may order a joint administration of the estates. Prior to entering an order the court shall give consideration to protecting creditors of different estates against potential conflicts of interest. ...
>
> **(c) Expediting and Protective Orders.** When an order for consolidation or joint administration of a joint case or two or more cases is entered pursuant to this rule, while protecting the rights of the parties under the Code, the court may enter orders as may tend to avoid unnecessary costs and delay.

Fed. R. Bankr. P. 1015(b)-(c) (emphasis added). As stated in the advisory committee notes to Rule 1015,

> Joint administration as distinguished from consolidation may include combining the estates by using a single docket for the matters occurring in the administration, including the listing of filed claims, the combining of notices to creditors of the different estates, and the joint handling of other purely administrative matters that may aid in expediting the cases and rendering the process less costly.

Fed. R. Bankr. P. 1015 Advisory Committee Note (1983).

Joint administration for procedural and administrative matters differs significantly from substantive consolidation, in which the debtors' assets and liabilities are pooled, and the creditors of the separate entities jointly share pro rata in the aggregate net value of

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

the estates. See In re Standard Brands Paints Co., 154 B.R. 563 (Bankr. C.D. Cal. 1993); In re I.R.C.C., Inc., 105 B.R. 237, 241 (Bankr. S.D.N.Y. 1989). Joint administration, by contrast, is merely procedural, and has no impact on the substantive rights of creditors. In re N.S. Garrott & Sons, 63 B.R. 189, 191 (Bankr. E.D. Ark. 1986). Each creditor may still file its claim against a particular debtor's estate by indicating on the proof of claim the particular debtor against which the claim is being asserted, and may, in any given contested matter, identify the particular debtor against which relief is sought. Each creditor will still maintain its rights against the particular estate which the creditor alleges owes it money.

Joint administration of the Related Debtors' estates is appropriate in the instant cases for the following reasons:

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

## A. The Related Debtors are "Affiliates"

Under the Bankruptcy Code, an "affiliate" includes, among other things, an "entity that operates the business or substantially all of the property of the debtor under a lease or operating agreement." 11 U.S.C. § 101(2)(D). In the present case, the Debtor operates the domain name "playlist.com," to which Playlist holds legal title, and which constitutes Playlist's primary asset. Therefore, the Related Debtors are "affiliates" as defined by the Bankruptcy Code. The Related Debtors are further related in that they are parties to a Merger Agreement, and most (or all) of the creditors of Playlist are also creditors of the Debtor. In other words, Playlist has few, if any, unique creditors.

## B. Joint Administration Will Promote Judicial Economy

Joint administration will promote the economical interest of the Related Debtors' estates and facilitate judicial administration because of the nature of the relationship between the Debtor and Playlist. The Related Debtors have an interest in the same property (i.e., the domain name www.playlist.com), operate as a single company in many respects, are parties to an executory Merger Agreement, and share certain common

creditors. Accordingly, many common issues of law and fact that will arise in the respective cases, and such issues can be more economically addressed in a single pleading and a single proceeding.

More specifically, joint administration of the Related Debtors' cases will promote judicial economy and render the judicial process less costly for all creditors and parties in interest by alleviating the necessity for duplicate papers, notices and proceedings before the Court. The clerk's office will be relieved of the burden of having to maintain separate pleadings' files and separate dockets with duplicative entries, while the Related Debtors will be relieved of duplicative noticing and excessive copying costs associated with separate service of identical pleadings in each of the Related Debtors' cases. Creditors will only need to review a single pleading and docket to determine case status versus having to review pleadings and dockets in each of the two pending cases. Supervision of administrative aspects of the Related Debtors Chapter 11 cases by the Office of the United States Trustee will be also simplified.

For the same reasons set forth above, joint administration of the Related Debtors' estates is also consistent with Rule 1001, which provides, in relevant part, that "[t]hese rules shall be construed to secure the just, speedy and inexpensive determination of every case and proceeding." Fed. R. Bankr. P. 1001.

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

**C. Other Considerations**

Although there are intercompany loans between Playlist and the Debtor, the Related Debtors are unaware of any present existing actual conflicts between their estates *that would hinder or interfere with joint administration or prejudice creditors of the estates by reason of joint administration.* Again, the relief sought is purely procedural and is not intended to affect substantive rights. The Related Debtors are only requesting joint administration of their estates for procedural purposes only, and are not seeking substantive consolidation at this time. In the event that a conflict arises in the future by reason of joint administration, the Court may in the exercise of its powers enter an

appropriate order to a alleviate such conflict and/or fashion an appropriate remedy to protect creditors and interest holders pursuant to Rule 1015(c).

In fact, joint administration may actually serve to protect the interests of parties who are creditors of one or both of the Related Debtors. Due to the close relationship between the two Related Debtors, any actions taken by or against one of the Related Debtors will likely affect the other Related Debtor, at least indirectly. Thus, a party who is an "interested party" with respect to one of the Related Debtors will likely also be an "interested party" with respect to the other Related Debtor. Joint administration of the case will permit interested parties to monitor a single docket, and will increase the likelihood that all interested parties will receive notices of all matters that may affect them either directly or indirectly.

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

## III.

## PROPOSED PROCEDURE

The Related Debtors respectfully request that joint administration of their estates include:

(a) the use of a joint pleadings docket (i.e., the docket established for the case of Project Playlist, Inc., case no. 2:10-bk-42927-TD) for the filing of pleadings and the lodging and entry of orders, judgments, and related documents (but excluding schedules of assets and liabilities, statements of financial affairs, Proofs of Claim, requests for payment of administrative expenses, and the notice of joint administration);

(b) the use of a joint pleadings caption; and

(c) combined notices to creditors and other parties in interest.

With respect to the joint pleadings docket, the Related Debtors propose that the docket be maintained in the bankruptcy case of Project Playlist, which was the first of the Related Debtors to file a petition. With respect to the joint pleadings caption, the Related Debtors propose to use the case caption attached hereto as **Exhibit 1**.

If the Court grants this motion, one of the Related Debtors will serve a notice substantially identical to that attached hereto as **Exhibit 2** (or other form ordered by the Court) to all creditors advising them of the joint administration, and will be filed in each of the Related Debtors cases. The Related Debtors further request that the Court direct the Clerk of the Court to place a notation, such as the following notation, in the docket maintained for each of the Related Debtors cases to reflect that their cases are being jointly administered:

> An order has been entered in this case directing the joint administration of the Chapter 11 cases of Project Playlist, Inc. (case no. 2:10-bk-42927-TD) and Playlist, Inc. (case no. 2:10-bk-42946-TD), for procedural/administrative purposes only. The docket in the case of Project Playlist, Inc., case no. 2:10-bk-42927-TD, should be consulted for all matters affecting both cases, except that the clerk of the Court shall maintain a separate claims register for each case, and parties shall file any Proofs of Claim and/or requests for payment of administrative expenses in the case of the particular Related Debtor from whom payment is sought.

## IV.

## CONCLUSION

For the reasons set forth above, the Debtor respectfully requests that the Court enter an order:

1. Directing the joint administration of the Related Debtors' Chapter 11 cases as requested herein; and
2. Granting such other relief as the Court deems just and proper.

DATED: August 13, 2010

Respectfully submitted,

**Sulmeyer**Kupetz
A Professional Corporation

By: [signature]
David S. Kupetz
Mark S. Horoupian
Marcus A. Tompkins
(Proposed) Attorneys for Project Playlist, Inc., Debtor and Debtor in Possession

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

# DECLARATION

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

**DECLARATION OF ROBERT C. DAVIDORF**

I, Robert C. Davidorf, declare as follows:

1. I am the Chief Financial Officer of Project Playlist, Inc. (the "Debtor"). I have been the Chief Financial Officer of the Debtor since November 1, 2009. Prior to becoming an employee and officer of the Debtor, I was a consulting Chief Financial Officer of the Debtor from July 1, 2009, through October 31, 2009. I am an authorized representative of the Debtor, with full authority to make the representations and statements contained herein, on its behalf.

2. Except as otherwise indicated, all statements made herein are based on my personal knowledge or my review of relevant documents. If called to testify as a witness in this matter, I could and would competently testify under oath to the truth of the statements set forth herein.

3. I make this declaration in support of the attached *Motion for Order Directing Joint Administration of Related Cases* (the "Motion").

4. The Debtor, using the trademark *Project Playlist* and the abbreviated marks *Playlist.com* and *Playlist*, has for many years offered goods and services relating to music, entertainment and social networking over the internet. The Debtor operates a website, www.playlist.com (formerly www.projectplaylist.com), where the Debtor hosts an online service that allows its users discover, create, organize, enjoy and share music playlists. On the website, users can find and listen to songs, build playlists of their favorite music, listen to their playlists on a computer, share and build playlists with friends, and add playlists to their favorite website, blog, or social networking profile using a proprietary digital music player developed by the Debtor, known also as a "widget."

5. The Debtor generates revenue from advertisers who place advertisements for their products or services on the Debtor's website. Cost of sales consist primarily of licensing and delivery fees to music labels and copyright holders, streaming and hosting costs, and advertisement serving costs. Operating expenses consist primarily of

resource costs and related overhead for sales, development, and administrative functions.

6. The Debtor's primary assets consist of cash, accounts receivable, and personal property related to the operation of its business, including equipment, trade names and other intellectual property, good will, and contracts.

7. Playlist, Inc. ("Playlist") holds legal title to the domain name "playlist.com," and that domain name is Playlist's primary asset. The Debtor operates the domain name under an agreement with Playlist. Since Playlist's inception, the Debtor and Playlist have operated, practically speaking, as a single company, and most (or all) of the creditors of Playlist are also creditors of Debtor. In other words, Playlist has few, if any, unique creditors.

8. On August 25, 2008, the Debtor entered into an arrangement with Playlist whereby Playlist raised $20 million in two rounds of its own financing and provided capital to the Debtor through a convertible loan whereby Playlist provided the Debtor with a $15 million secured credit facility (the "Playlist Loan Facility"). In addition, the Debtor entered into a merger agreement with Playlist whereby on satisfaction of certain conditions, namely licenses with all the Labels, the Debtor would be merged into Playlist, and each share of the Debtor stock would be exchanged for .26037 shares of Playlist stock (the "Merger Agreement"). The Merger Agreement has not been consummated.

9. Through the course of 2009 and 2010, the Debtor has repaid Playlist approximately $261,000 on account of the Playlist Loan Facility.

10. Prior to commencement of the Debtor's bankruptcy case, the Debtor experienced financial difficulties resulting from various factors, including the filing of large confessions of judgment against it arising out of the settlement of certain litigation with various record labels. Due to these circumstances, on August 6, 2010 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), commencing the instant bankruptcy case. On the same day, Playlist also filed its own Chapter 11 petition with this Court, commencing

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

case number 2:10-bk-42946-TD. The Debtor and Playlist (collectively, the "Related Debtors") continue to operate and manage their respective businesses as debtors in possession.

11. As of the Petition Date, the Merger Agreement between the Debtor and Playlist had not been consummated, and remains an executory contract which the Debtor and Playlist may elect to assume or reject.

12. Although there are intercompany loans between Playlist and the Debtor, the Related Debtors are unaware of any present existing actual conflicts between their estates *that would hinder or interfere with joint administration or prejudice creditors of the estates by reason of joint administration.*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed August 13, 2010, at Palo Alto, California.

Robert Davidorf
Robert C. Davidorf

Sulmeyer Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

# EXHIBIT "1"

David S. Kupetz (CA Bar No. 125062)
*dkupetz@sulmeyerlaw.com*
Mark S. Horoupian (CA Bar No. 175373)
*mhoroupian@sulmeyerlaw.com*
Marcus A. Tompkins (CA Bar No. 190922)
*mtompkins@sulmeyerlaw.com*
**Sulmeyer**Kupetz
A Professional Corporation
333 South Hope Street, Thirty-Fifth Floor
Los Angeles, California 90071-1406
Telephone: 213.626.2311
Facsimile: 213.629.4520

(Proposed) Attorneys for Project Playlist, Inc., Debtor and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

**In re**

**PROJECT PLAYLIST, INC., a Delaware Corporation, Case No. 2:10-bk-42927-TD**

**Debtor.**

**In re**

**PLAYLIST, INC., a Delaware Corporation, Case No. 2:10-bk-42946-TD**

**Debtor.**

_____ Affects PROJECT PLAYLIST, INC. only

_____ Affects PLAYLIST, INC. only

_____ Affects both Debtors

CASE NO. 2:10-bk-42927-TD

Chapter 11

(Jointly Administered with Case No. 2:10-bk-42946-TD)

**[TITLE OF PLEADING]**

Date:
Time:
Place: U.S. Bankruptcy Court
Courtroom 1345
255 East Temple Street
Los Angeles, CA 90012



**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

# EXHIBIT "2"

David S. Kupetz (CA Bar No. 125062)
*dkupetz@sulmeyerlaw.com*
Mark S. Horoupian (CA Bar No. 175373)
*mhoroupian@sulmeyerlaw.com*
Marcus A. Tompkins (CA Bar No. 190922)
*mtompkins@sulmeyerlaw.com*
**Sulmeyer**Kupetz
A Professional Corporation
333 South Hope Street, Thirty-Fifth Floor
Los Angeles, California 90071-1406
Telephone: 213.626.2311
Facsimile: 213.629.4520

(Proposed) Attorneys for Project Playlist, Inc., Debtor and Debtor in Possession

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| **In re**<br><br>**PROJECT PLAYLIST, INC., a Delaware Corporation, Case No. 2:10-bk-42927-TD**<br><br>**Debtor.** | CASE NO. 2:10-bk-42927-TD<br><br>Chapter 11<br><br>(Jointly Administered with Case No. 2:10-bk-42946-TD)<br><br>**NOTICE OF JOINT ADMINISTRATION OF RELATED CASES** |
| **In re**<br><br>**PLAYLIST, INC., a Delaware Corporation, Case No. 2:10-bk-42946-TD**<br><br>**Debtor.** | Date:<br>Time:<br>Place: U.S. Bankruptcy Court<br>Courtroom 1345<br>255 East Temple Street<br>Los Angeles, CA 90012 |
| _____ Affects PROJECT PLAYLIST, INC. only<br>_____ Affects PLAYLIST, INC. only<br>_____ Affects both Debtors | |

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

**TO ALL KNOWN CREDITORS AND PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE** that on ___________, 2010, the United States Bankruptcy Court for the Central District of California, the Honorable Thomas B. Donovan presiding, ordered the joint administration of the following chapter 11 cases:

| Case | Case Number |
|---|---|
| **In re Project Playlist, Inc.**, a Delaware Corporation | 2:10-bk-42927-TD |
| **In re Playlist, Inc.**, a Delaware Corporation | 2:10-bk-42946-TD |

The above-listed debtors are together referred to as the "Related Debtors." Joint administration of the Related Debtors' cases includes: **(a)** the use of a joint pleadings docket (i.e., the docket established for the case of Project Playlist, Inc., case no. 2:10-bk-42927-TD) for the filing of pleadings and the lodging and entry of orders, judgments, and related documents (but excluding schedules of assets and liabilities, statements of financial affairs, Proofs of Claim, requests for payment of administrative expenses, and the Notice of Joint Administration); **(b)** the use of a joint pleadings caption; and **(c)** combined notices to creditors and other parties in interest. The Related Debtors will maintain independent claims registers.

Pursuant to the Court's order, the official case caption for the Debtors' chapter 11 cases is the caption used in this notice. All papers filed in the jointly administered cases should use the official caption and case numbers as shown on this notice and should indicate that the cases are jointly administered. The Related Debtors' bankruptcy estates have not been substantively consolidated at this time.

DATED: August ___, 2010

**Sulmeyer**Kupetz
A Professional Corporation

By: ______________________________
Marcus A. Tompkins
(Proposed) Attorneys for Project Playlist, Inc., Debtor and Debtor in Possession

| In re: PROJECT PLAYLIST, INC., Debtor. | CHAPTER: 11 CASE NUMBER: 2:10-bk-42927 TD |
|---|---|

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 333 South Hope Street, Thirty-Fifth Floor, Los Angeles, California 90071-1406

A true and correct copy of the foregoing document described as **"MOTION FOR ORDER DIRECTING JOINT ADMINISTRATION OF RELATED CASES; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ROBERT DAVIDORF IN SUPPORT THEREOF"** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On August 13, 2010, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the e-mail address indicated below:

- Mark S. Horoupian — Counsel for Debtor mhoroupian@sulmeyerlaw.com
- Dare Law, Esq. — OUST (LA) dare.law@usdoj.gov
- Office of the U.S. Trustee ustpregion16.la.ecf@usdoj.gov
- Wayne R. Terry, Esq. — Courtesy NEF wterry@hemar-rousso.com
- Marcus Tompkins — Counsel for Debtor mtompkins@sulmeyerlaw.com

☐ Service Information continued on attached page.

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On August 13, 2010, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

The Honorable Thomas B. Donovan
U.S. Bankruptcy Court
255 E. Temple St., Suite 1352
Los Angeles, CA 90012-3332

☒ Service Information continued on attached page.

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P.5 and/or controlling LBR, on ____________ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method ) by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery to the judge will be completed no later than 24 hours after the document is filed.*

☐ Service Information continued on attached page.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| August 13, 2010 | Kathleen Fox | [signature] |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

***In re Project Playlist, Inc.***
**Case No. 2:10-bk-42927 TD**
**ALL CREDITOR LIST**

File No. 9712-0002
[SK Doc No. 676854 v1]

**DEBTOR**

Project Playlist, Inc.
444 High St., Suite 220
Palo Alto, CA 94301-1671

Office of the U.S. Trustee (LA)
Attn: Dare Law, Esq.
725 S. Figueroa St., Suite 2600
Los Angeles, CA 90017-5413

**STATE AGENCIES/ TAXING AUTHORITIES**

Employment Development Dept.
Bankruptcy Group MIC 92E
PO Box 826880
Sacramento, CA 94280-0001

Franchise Tax Board
Attn: Bankruptcy Unit
PO Box 2952
Sacramento, CA 95812-2952

Internal Revenue Service
PO Box 21126
Philadelphia, PA 19114-0325

Internal Revenue Service
Insolvency I Stop 5022
300 N. Los Angeles St., Rm 4062
Los Angeles, CA 90012-9903

L.A. County Tax Collector
Attn: Bankruptcy Unit
2615 S. Grand Ave.
Los Angeles, CA 90007-2668

L.A. County Tax Collector
255 N. Hill St., Room 160
PO Box 54027
Los Angeles, CA 90054-0970

Los Angeles City Clerk
P.O. Box 53200
Los Angeles, CA 90053-0200

Securities & Exchange Commission
5670 Wilshire Avenue., 11th Floor
Los Angeles, CA 90036-5627

**SECURED CREDITOR**

UMG Recordings/
Universal Music Group Recordings
2220 Colorado Ave.
Santa Monica, CA 90404-3506

**20 LARGEST UNSECURED CREDITORS**

American Society of Composers, etc.
(ASCAP)
One Lincoln Plaza, 6th Floor
New York, NY 10133-7097

Atlantic Recording Corp./Elektra Ent.
Group, Inc./Warner Bros. Records,
Inc./Warner Music, Inc./Warner/
Chappell Music, Inc.
75 Rockefeller Plaza
New York, NY 10019-6908

Berman, Jason
800 5th Ave., Apt. 12B
New York, NY 10065-7289

Broadcast Music, Inc.
320 W. 57th St.
New York, NY 10019-3705

Davis Shapiro Lewit & Hayes, LLP
Attn: Fred Davis, Esq.
689 5th Ave., 5th Floor
New York, NY 10022-3154

Doubleclick
1600 Amphitheatre Parkway
Mountain View, CA 94043-1351

DoubleClick, A Division of Google
111 8th Ave., 10th Floor
New York, NY 10011-5210

EMI Entertainment World
75 9th Ave.
New York, NY 10011-7006

EMI Music Marketing/EMI Music N.A.
Attn: Matthew Rothman,
Director, Legal Affairs
150 5th Ave.
New York, NY 10011-4311

Law Offices of Robert B. Kory
9300 Wilshire Blvd., Suite 200
Beverly Hills, CA 90212-3227

Limelight Networks, Inc.
2220 W. 14th St.
Tempe, AZ 85281-6945

Media Breakaway, LLC
1490 W. 121st Ave., Suite 201
Denver, CO 80234-3497

**Music and Entertainment Rights Licensing Independent Network BV**
**Damrak 277, Kamer 38, 1012 ZJ**
**Amsterdam**
**THE NETHERLANDS**

New Motion, Inc.
42 Corporate Park, Suite 250
Irvine, CA 92606-3116

Orchard Enterprises NY, Inc.
23 E. 4th St.
New York, NY 10003-7023

SESAC
55 Music Square
Nashville, TN 37203-4362

Sony/ATV Music Publishing
Sony BMG Music Ent./Sony Music Ent/.
Sony Music Ent. Canada
550 Madison Ave.
New York, NY 10022-3211

Vindicia, Inc.
3200 Bridge Parkway, Suite 202
Redwood City, CA 94065-1197

Wilson Sonsini Goodrich & Rosati
Jack Doyle - Finance 777
650 Page Mill Road
Palo Alto, CA 94304-1001