1  Mark S. Horoupian (CA Bar No. 175373)
    mhoroupian@sulmeyerlaw.com
2  Marcus A. Tompkins (CA Bar No. 190922)
    mtompkins@sulmeyerlaw.com
3  **Sulmeyer**Kupetz
   A Professional Corporation
4  333 South Hope Street, Thirty-Fifth Floor
   Los Angeles, California 90071-1406
5  Telephone:  213.626.2311
   Facsimile:  213.629.4520
6
   Attorneys for Project Playlist, Inc.,
7  Debtor and Debtor in Possession

8

9                UNITED STATES BANKRUPTCY COURT

10           CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

11

| 12 | In re | Case No. 2:10-bk-42927 TD |
|---|---|---|
| 13 | PROJECT PLAYLIST, INC., | Chapter 11 |
| 14 | a Delaware corporation.<br>Case No. 2:10-bk-42927 TD | [Jointly Administered with |
| 15 | Debtor. | Case No. 2:10-bk-42946 TD] |
| 16 | | |
| 17 | In re | **JOINT MOTION TO EXTEND EXCLUSIVE PERIOD TO FILE AND GAIN ACCEPTANCE OF PLAN OF REORGANIZATION; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF ROBERT DAVIDORF IN SUPPORT THEREOF** |
| 18 | PLAYLIST, INC.,<br>a Delaware corporation. | |
| 19 | Case No. 2:10-bk-42946 TD | |
| 20 | Debtor. | |
| 21 | ___ Affects PROJECT PLAYLIST, INC. only | DATE:  December 22, 2010<br>TIME:  10:00 a.m. |
| 22 | ___ Affects PLAYLIST, INC. only | PLACE:  U.S. Bankruptcy Court<br>Courtroom 1345 |
| 23 | _x_ Affects both Debtors | 255 E. Temple Street<br>Los Angeles, CA  90012 |

24

25

26 **TO THE HONORABLE THOMAS DONOVAN, UNITED STATES BANKRUPTCY**

27 **JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, OFFICIAL COMMITTEE**

28 **OF UNSECURED CREDITORS AND OTHER INTERESTED PARTIES:**

MHOROUPIAN\ 693715.1

Project Playlist, Inc., debtor and debtor in possession, along with jointly-administered debtor Playlist, Inc. (collectively, the "Debtors"), hereby move this Court, respectively, for an order extending the exclusive periods under which only the Debtors may file which they may file a Plan to March 1, 2011, and to gain acceptance of said plan to June 3, 2011.

This Motion is made and based upon the moving papers, the attached Memorandum of Points and Authorities and the supporting Declaration of Robert Davidorf, the arguments and representations of counsel, and any oral or documentary evidence presented at the time of the hearing.

**WHEREFORE** the Debtors respectfully request that the Court enter an order:

1. Granting this Motion;

2. Extending the exclusive period under which only the Debtors may file a plan of reorganization pursuant to 11 U.S.C. § 1121(c), to March 1, 2011, and to gain acceptance of said plan to June 3, 2011.

3. Granting such other relief as the Court deems just and proper.

.DATED: November 24, 2010        Respectfully submitted,

**SulmeyerKupetz**
A Professional Corporation

By: */s/ Mark S. Horoupian*
    Mark S. Horoupian
    Attorneys for Project Playlist, Inc.,
    Debtor and Debtor in Possession

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

MHOROUPIAN\ 693715.1

- 2 -

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## BACKGROUND

### A.  General Background

The Debtor, using the trademark *Project Playlist* and the abbreviated marks *Playlist.com* and *Playlist*, has for many years offered goods and services relating to music, entertainment and social networking over the internet. The Debtor operates a website, www.playlist.com (formerly www.projectplaylist.com), where the Debtor hosts an online service that allows its users discover, create, organize, enjoy and share music playlists. On the website, users can find and listen to songs, build playlists of their favorite music, listen to their playlists on a computer, share and build playlists with friends, and add playlists to their favorite website, blog or social networking profile using a proprietary digital music player developed by the Debtor, known also as a "widget."

The Debtor generates revenue from advertisers who place advertisements for their products or services on the Debtor's website. Cost of sales consist primarily of licensing fees to music copyright holders, streaming and hosting costs, and advertisement serving costs. Operating expenses consist primarily of resource costs and related overhead for sales, development, and administrative functions. In addition to its cash on hand, the Debtor expects to generate substantial revenues in the next 90 days and over the long term.

The rights associated with the domain name *playlist.com* are legally owned by related-debtor Playlist, Inc. ("Playlist"), which filed a case concurrently with the Debtor. The Debtor operates the domain name under an agreement with Playlist.

### B.  Record Label Arrangements, Impact On Current Operations And Prospects For Reorganization

On October 27, 2010, the Court conducted a hearing on the Debtors' second motion for the use of cash collateral. Based upon an agreement reached

- 3 -

MHOROUPIAN\ 693715.1

1  between the Debtor, UMG, and the other Labels, the Court approved the use of cash
2  collateral through February 4, 2011. The Debtors advised the Court that they intend to
3  use the time provided to actively seek an investor to fund a plan of reorganization or
4  other transaction that would benefit all creditors.
5        The Debtors also advised the Court that they intended to hire, jointly with
6  the Committee, an investment banker (the "Banker") to assist them in seeking out the
7  investor, and reaching agreements with the various music labels. Subject to the
8  Committee's approval, and approval by the Bankruptcy Court of the terms of the
9  retention, the Debtors have selected Redwood Capital dba RCG, LLC ("Redwood") as
10 the joint banker. Redwood is already actively engaged in its representation of the
11 Estates, pending its ultimate approval by the Court and the Committee.
12       The Court has also set a bar date in both cases for January 14, 2011, and
13 the Debtors are beginning to receive proofs of claim in response to its notice of the bar
14 date sent to all creditors and parties in interest.
15       There are no hearings scheduled in this case until the continued cash
16 collateral hearing on February 4, 2011.
17       By this Motion, the Debtors seek an extension of the exclusive periods
18 under which they may file a Plan to March 1, 2011, and to gain acceptance of said plan to
19 June 3, 2011. For the reasons presented below, the Debtors believe that such an
20 extension is warranted and will assist the Debtors in managing a process that will be
21 beneficial to all creditors.

II.

**CAUSE EXISTS TO EXTEND EXCLUSIVITY UNDER SECTION 1121**

Bankruptcy Code section 1121 provides, in pertinent part, as follows:

    (b) Except as otherwise provided in this section, only the debtor may file a plan until after 120 days after the date of the order for relief under this chapter.

    (c) Any party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders'

- 4 -

MHOROUPIAN\ 693715.1

committee, a creditor, an equity security holder, or any indenture trustee, may file a plan if and only if –

(1) a trustee has been appointed under this chapter;

(2) the debtor has not filed a plan before 120 days after the date of the order for relief under this chapter; or

(3) the debtor has not filed a plan that has been accepted, before 180 days after the date of the order for relief under this chapter, by each class of claims or interests that is impaired under the plan.

(d)(1) Subject to paragraph (2), on request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section.

(2)(A) This 120-day period specified in paragraph (1) may not be extended beyond a date that is 18 months after the date of the order for relief under this chapter.

(2)(B) The 180-day period specified in paragraph (1) may not be extended beyond a date that is 20 months after the date of the order for relief under this chapter.

11 U.S.C. § 1121 (*emphasis added*).

Thus, under section 1121, a debtor has the exclusive right to file a plan of reorganization for the first 120 days after the date of the order for relief, subject to certain limited exceptions. *See* 11 U.S.C. § 1121(b). If a debtor files a plan within the 120-day exclusivity period, section 1121(c)(3) provides that exclusivity is automatically extended for an additional 60 days. *See* 11 U.S.C. § 1121(c)(3). These exclusivity periods may be increased for "cause." *See* 11 U.S.C. § 1121(d).

The Bankruptcy Code does not define "cause." Whether cause exists to extend the exclusivity period(s) is in the discretion of the court. *See, e.g.*, In re Washington-St. Tammany Elec. Coop., Inc., 97 B.R. 852, 854 (E.D. La. 1989); In re Public Service Co. of N.H., 88 B.R. 521, 534 (Bankr. D.N.H. 1988) ("the legislative intent has been construed to leave the question to the reorganization court in the exercise of its discretion and to promote maximum flexibility to suit various types of reorganization proceedings."); *see also* In re Henry Mayo Newhall Memorial Hosp., 282 B.R. 444, 452

- 5 -

MHOROUPIAN\ 693715.1

(Bankr. 9th Cir. 2002) (stating that "the question is inherently fact-specific and calls for a delicate exercise of judgment about which seasoned judges could differ."); In re Cramer, Inc., 105 B.R. 433, 434 (Bankr. W.D. Tenn. 1989) ("[T]he hallmark of 11 U.S.C. § 1121 is flexibility").

In determining whether cause exists to extend the exclusivity period(s), courts consider the following factors:

1. The size and complexity of the case;

2. The necessity of sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information.

3. The existence of good faith progress toward reorganization;

4. The fact that the debtor is paying its bills as they become due;

5. Whether the debtor has demonstrated reasonable prospects for filing a viable plan;

6. Whether the debtor has made progress in negotiations with its creditors;

7. The amount of time which has elapsed in the case;

8. Whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and

9. Whether an unresolved contingency exists.

In re Dow Corning Corp., 208 B.R. 661, 664-65 (Bankr. E.D. Mich. 1997) (*citing* In re Express One Int'l, Inc., 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996)); *see also* In re Henry Mayo Newhall Memorial Hosp., 282 B.R. 444, 452 (Bankr. 9th Cir. 2002) (*citing* In re Dow Corning Corp. and In re Express One Int'l, Inc.).

This nine-factor test, however, does not require a debtor to satisfy each factor. Rather, courts examine the factors together in the context of a particular case. *See* In re Amko Plastics, 26 Inc., 197 B.R. 74, 76-77 (Bankr. S.D. Ohio. 1996) (granting five-month exclusivity extension where debtor exhibited substantial turnaround efforts). Consideration of an exclusivity motion should also involve "a broader, more global

-6-

view — focused on what is best for these chapter 11 cases; most in keeping with the letter and spirit of chapter 11; and what is most appropriate under the unique facts" of cases before the Court. See In re Adelphia Comm's Corp., 352 B.R. 578, 582 (Bankr. S.D.N.Y. 2006).

As illustrated below, the application of the Dow Corning factors for determining whether "cause" exists to further extend exclusivity under section 1129(d), favors granting the Debtor's request for an extension. See In re Dow Corning Corp., 208 RR. 661, 664-65 (Bankr. E.D. Mich. 1997) (denying creditors' committee's joint motion to terminate two-year exclusivity period in case involving mass tort claims, and enumerating nine factors to be evaluated).

### A.    The Debtors Have Exhibited Good Faith Progress Towards Reorganization

In considering an extension of a debtor's exclusivity periods, courts often assess a debtor's progress during the initial stages of a case toward development of a plan. See In re United Press Int'l, 60 B.R. 265, 269-70 (Bankr. D.D.C. 1986) (discussing an extension of exclusivity). A key purpose of exclusivity is to provide a debtor with incentive to file a plan. Here, the Debtors have demonstrated good faith progress toward reorganization. The Debtors have continually met, independently, with potential investors, some of which still demonstrate a high level of interest in proposing a transaction in this case. Further, as stated above, the Debtors, with the Committee, have retained extremely experienced and well-credentialed investment bankers to assist them in the process.

### B.    The Debtors Should Be Allowed Time To Obtain Confirmation Of A Plan

The Ninth Circuit BAP has noted that the "key question" is whether an extension of exclusivity will "facilitate movement toward a fair and equitable resolution of the case, taking into account all the divergent interests involved." Henry Mayo Newhall Memorial Hosp., 282 B.R. at 453. Here it is clear that the Debtors must be in a position to manage a process for structuring a confirmable plan or exit strategy. Any transaction will involve not only obtaining financing/investment commitments, but also negotiating

- 7 -

MHOROUPIAN\ 693715.1

licensing arrangements with the Labels. Were there other factions independently undertaking these negotiations and meetings, it would undermine the Debtors' and Redwood's ability to navigate this process effectively. Under such circumstances, the Debtors should be given an opportunity to obtain confirmation of the Plan without the potential of dealing with a competing plan and the inevitable expense, distraction, and diversion of resources, and the potential delay that would result. Doing otherwise would provide a disincentive to debtors to continue to work with creditors to consensually resolve plan issues. Moreover, if exclusivity is not extended, parties may divert time and resources away from continuing to explore and negotiate a consensual resolution to pursuing and defending competing plans. Such a battle will only result in substantial costs and potential delay that may otherwise be avoided.

### C. The Debtors Are Paying Their Bills As They Become Due

The Debtors are current on their postpetition operating expenses. The Debtors are in compliance with reporting and other requirements imposed by the Bankruptcy Code, Bankruptcy Rules, Local Rules and the United States Trustee. The Debtors are acting responsibly as debtors in possession. Therefore, this factor weighs in favor of granting this Motion and extending exclusivity period.

### D. The Debtors' Cases Have Been Pending For Approximately Four Months

The Debtors' cases have been pending for approximately four months and, as discussed above, the Debtors have moved this case forward on an appropriate expeditious basis. Further, the Debtors are well within the time frame added to section 1121(d) by Congress in the 2005 amendments to the Bankruptcy Code. *See* 11 U.S.C. § 1121(d) (prohibiting exclusivity extensions of more than 18 months (to file a plan) or 20 months (to solicit votes and obtain confirmation of a plan)).

### E. The Debtors Are Not Using Exclusivity In Order To Pressure Creditors To Submit To The Debtors' Reorganization Demands

The Debtors are not using the exclusivity periods for the improper purpose of delay, or to pressure creditors to accede to the terms of its plan. On the contrary, the

- 8 -

MHOROUPIAN\ 693715.1

1  Debtors' efforts in this case are directed at reaching an accord with creditors and the
2  music labels, and put forth a plan which is acceptable and agreeable to all.  *See also*
3  Adelphia Comm's, 352 B.R. 589 (concluding that "it would be premature to say that it's
4  time for the Debtors to abandon their efforts to bring creditors together, and to subject the
5  estate to the discord that would result from competing plans").

**F.    The Foregoing Factors Support A Future Extension Of Exclusivity**

As set forth above, cause exists for the granting of the requested extension. The Debtors have diligently pursued the development and presentation of a plan. The Debtors have moved the cases forward as quickly as feasible under the circumstances. The Debtors should be allowed the opportunity to confirm a plan without having to address a competing plan.

### III.

### CONCLUSION

For the reasons set forth above, the Debtor respectfully requests that the Court enter an order:

1.    Increasing the exclusive period under which only the Debtors may file a Plan to <u>March 1, 2011</u>, and to gain acceptance of said plan to <u>June 3, 2011</u>; and

2.    Granting such other relief as the Court deems just and proper.

DATED: November 24, 2010          Respectfully submitted,

**Sulmeyer**Kupetz
A Professional Corporation


By:  */s/ Mark S. Horoupian*
    Mark S. Horoupian
    Attorneys for Project Playlist, Inc.,
    Debtor and Debtor in Possession

MHOROUPIAN\ 693715.1

- 9 -

1 | DATED: November 24, 2010        Winthrop Couchot
                                    Professional Corporation

                                    By:  /s/ Garrick A. Hollander
                                         Garrick A. Hollander
                                         Attorneys for Playlist, Inc.,
                                         Debtor and Debtor in Possession

- 10 -

MHOROUPIAN\ 693715.1

# DECLARATION OF ROBERT DAVIDORF

I, Robert Davidorf, declare as follows:

1. I am the Chief Financial Officer and Chief Executive Officer of Project Playlist, Inc. (the "Debtor"). I have been the Chief Financial Officer of the Debtor since November 1, 2009. Prior to becoming an employee and officer of the Debtor, I was a consulting Chief Financial Officer of the Debtor from July 1, 2009, through October 31, 2009. I assumed the role of CEO on November 15, 2010. I am an authorized representative of the Debtor, with full authority to make the representations and statements contained herein, on its behalf.

2. Except as otherwise indicated, all statements made herein are based on my personal knowledge or my review of relevant documents. If called to testify as a witness in this matter, I could and would competently testify under oath to the truth of the statements set forth herein.

3. In the course of my duties as CFO of the Debtor, I am responsible for overseeing the maintenance of the Debtor's books and records, the generation of financial statements and reports, accounts payable and receivables. I am intimately familiar with the Debtor's financial affairs, and am competent to testify in regard thereto.

4. On October 27, 2010, the Court conducted a hearing on the Debtors' second motion for the use of cash collateral. Based upon an agreement reached between the Debtor, UMG and the other Labels, the Court approved the use of cash collateral through February 4, 2011. The Debtors advised the Court that they intend to use the time provided to actively seek an investor to fund a plan of reorganization or other transaction that would benefit all creditors.

5. The Debtors also advised the Court that they intended to hire, jointly with the Committee, an investment banker (the "Banker") to assist them in seeking out the investor, and reaching agreements with the various music labels. Subject to the Committee's approval, and approval by the Bankruptcy Court of the terms of the

- 11 -

MHOROUPIAN\ 693715.1

retention, the Debtors have selected Redwood Capital dba RCG, LLC ("Redwood") as the joint banker. Redwood is already actively engaged in its representation of the Estates, pending its ultimate approval by the Court and the Committee.

6. The Court has also set a bar date in both cases for January 14, 2011, and the Debtors are beginning to receive proofs of claim in response to its notice of the bar date sent to all creditors and parties in interest.

7. There are no hearings scheduled in this case until the continued cash collateral hearing on February 4, 2011.

8. By this Motion, the Debtors seek an extension of the exclusive periods under which they may file a Plan to March 1, 2011, and to gain acceptance of said plan to June 3, 2011.

9. Here, the Debtors have demonstrated good faith progress toward reorganization. The Debtors have continually met, independently, with potential investors, some of which still demonstrate a high level of interest in proposing a transaction in this case. Further, as stated above, the Debtors, with the Committee, have retained extremely experienced and well-credentialed investment bankers to assist them in the process.

10. . Here it is clear that the Debtors must be in a position to manage a process for structuring a confirmable plan or exit strategy. Any transaction will involve not only obtaining financing/investment commitments, but also negotiating licensing arrangements with the Labels. Were there other factions independently undertaking these negotiations and meetings, it would undermine the Debtors' and Redwood's ability to navigate this process effectively. Under such circumstances, the Debtors should be given an opportunity to obtain confirmation of the Plan without the potential of dealing with a competing plan and the inevitable expense, distraction, and diversion of resources, and the potential delay that would result. Doing otherwise would provide a disincentive to debtors to continue to work with creditors to consensually resolve plan issues. Moreover, if exclusivity is not extended, parties may divert time and resources away from continuing

MHOROUPIAN\ 693715.1

1  to explore and negotiate a consensual resolution to pursuing and defending competing
2  plans. Such a battle will only result in substantial costs and potential delay that may
3  otherwise be avoided.
4      11.   The Debtors are current on their postpetition operating expenses.
5  The Debtors are in compliance with reporting and other requirements imposed by the
6  Bankruptcy Code, Bankruptcy Rules, Local Rules and the United States Trustee. The
7  Debtors are acting responsibly as debtors in possession.

12    I declare under penalty of perjury under the laws of the United States of
13  America that the foregoing is true and correct.
14  Executed on November 24, 2010, at San Francisco, California.

*/s/ Robert Davidorf*
ROBERT DAVIDORF

MHOROUPIAN\ 693715.1

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
333 South Hope Street, Thirty-Fifth Floor, Los Angeles, California 90071-1406

A true and correct copy of the foregoing document described as **"JOINT MOTION TO EXTEND EXCLUSIVE PERIOD TO FILE AND GAIN ACCEPTANCE OF PLAN OF REORGANIZATION; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF ROBERT DAVIDORF IN SUPPORT THEREOF"** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On November 24, 2010, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the e-mail address indicated below:

- Roger Friedman Esq. — Courtesy NEF                                    rfriedman@rutan.com
- Eric J. Fromme, Esq. — Courtesy NEF                                   efromme@rutan.com
- Alan S. Gutman, Esq. — Counsel for WMG Entities *(Atlantic Recording Corp.,*     alangutman@gutmanlaw.com
   *Elektra Ent. Group, Inc., Warner Music, Inc., Warner Bros. Records, Inc.*
   *and Warner/Chappell Music, Inc.)*
- Garrick Hollander, Esq. — Counsel for Debtor Playlist, Inc.           sconnor@winthropcouchot.com
- Mark S. Horoupian — Counsel for Debtor Project Playlist, Inc.         mhoroupian@sulmeyerlaw.com
- David S. Kupetz, Esq. — Counsel for Debtor Project Playlist, Inc.     dkupetz@sulmeyerlaw.com
- Dare Law, Esq. — OUST (LA)                                            dare.law@usdoj.gov
- Richard Levy, Esq. — Courtesy NEF                                     rlevy@pryorcashman.com
- Office of the U.S. Trustee [LA]                                       ustpregion16.la.ecf@usdoj.gov
- Wayne R. Terry, Esq. — Counsel for UMG Recordings                     wterry@hemar-rousso.com
- Marcus Tompkins — Counsel for Debtor Project Playlist, Inc.           mtompkins@sulmeyerlaw.com

☐ Service Information continued on attached page.

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL (indicate method for each person or entity served):** On November 24, 2010, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

The Honorable Thomas B. Donovan
U.S. Bankruptcy Court
255 E. Temple St., Suite 1352
Los Angeles, CA 90012-3332

☐ Service Information continued on attached page.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                **F 9013-3.1**
KFOX\ 681890.1

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P.5 and/or controlling LBR, on November 24, 2010, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method ) by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery to the judge will be completed no later than 24 hours after the document is filed.*

☒ Service Information continued on attached page.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| November 24, 2010 | Kathleen Fox | *(signature)* |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010
KFOX\ 681890.1

F 9013-3.1.PROOF.SERVICE

**PROJECT PLAYLIST CREDITORS' COMMITTEE MEMBERS**

- EMI Music N.A. — Matthew Rothman, Director of Legal Affairs     matthew.rothman@emicap.com
- Limelight Networks, Inc. — Philip C. Maynard, Senior V.P. & CLO     phil@llnw.com
- Media Breakaway — Steven Richter, Esq., President & General Counsel     steve@mediabreakaway.com
- Orchard Enterprises NY, Inc. — Jason Pascal, Esq., V.P. & Senior Counsel     pascal@theorchard.com
- Sony Music Ent. — Ellen Hochberg, Senior Director, Business & Legal Affairs     ellen.hochberg@sonymusic.com

**REQUEST FOR SPECIAL NOTICE**

- Scott E. Blakeley Esq. — Counsel for Google, Inc.     seb@blakeleyllp.com
- Mahsa Hakimi, Esq. — 1010 Wilshire, LLC     mahsa@hakimilaw.com
- Sarah Harnett, Esq. — Counsel for WMG Entities     sharnett@paulweiss.com
- Brian S. Hermann, Esq. — Counsel for WMG Entities     bhermann@paulweiss.com
- P.J. Marksbury — Winthrop Couchot     pj@winthropcouchot.com
- Silda Palerm, Esq. — Warner Music Group Corp.     silda.palerm@wmg.com
- Marc J. Winthrop, Esq. — Counsel for Debtor Playlist, Inc.     mwinthrop@winthropcouchot.com

**20 LARGEST UNSECURED CREDITORS — SERVED VIA E-MAIL**

- Alhambra & Sierra Springs, Inc. — Bankruptcy Dept.     Bankruptcy@water.com
- Jason Berman     jb@bermanrosen.com
- Peter Brodsky — Sony/ATV Music Publishing     peter.brodsky@sonyatv.com
- Philip C. Canelli — EMI Music-North America     phil.canelli@emimusic.com
- Derek Dessler — Universal Music Group     derek.dessler@umusic.com
- Jack Doyle — Wilson Sonsini Goodrich & Rosa     JDoyle@wsgr.com
- Anna Espinoza — Quist Valuation     espinoza@quistvaluation.com
- Peter Gilhuly, Esq. — EMI Entertainment World     Peter.Gilhuly@lw.com
- Julie Guarnotta — Doubleclick     jguarnotta@google.com / christopher.c@google.com
- Lisa Hauptman — Davis Shapiro Lewit & Hayes, LLP     lhauptman@davisshapiro.com
- Virginia Williams — BMI     VWilliams@BMI.com
- Robert B. Kory — Law Offices     rkory@rbklaw.com / fokshtein@rbklaw.com
- Charlie Lexton, Esq. — Music & Ent. Rights Licensing Ind. Network BV/MERLIN     charlie@merlinnetwork.org
- Justin Levenson — SESAC     jlevenson@SESAC.com
- Susan Meisel, Esq. — Sony/ATV Music Publishing/Sony BMG Music Ent./ Sony Music Ent/.Sony Music Ent. Canada/Total Music, Inc.     susan.meisel@sonymusic.com / peter.brodsky@sonyatv.com / Ellen.Hochberg@sonymusic.com
- Christine Pepe, Esq. — ASCAP     CPepe@ascap.com
- Mark Resnick — Vindicia, Inc.     mresnick@vindicia.com
- Steven S. Richter, Esq. — Media Breakaway, LLC     Steve@MediaBreakaway.com
- Paul Robinson, Esq. — Atlantic Recording Corp./Elektra Ent. Group, Inc./ Warner Bros. Records, Inc./Warner Music, Inc./Warner/Chappell Music, Inc.     paul.robinson@wmg.com
- Stuart Rosen — BMI     SRosen@bmi.com
- Claude M. Stern, Esq. — Quinn Emanuel Urquhart & Sullivan, LLP     claudestern@quinnemanuel.com
- Adam Weinstein, Esq. — New Motion, Inc./Atrinsic, Inc.     adam.weinstein@atrinsic.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*
KFOX\ 681890.1

**F 9013-3.1.PROOF.SERVICE**