Mark S. Horoupian (CA Bar No. 175373)
 mhoroupian@sulmeyerlaw.com
**Sulmeyer**Kupetz
A Professional Corporation
333 South Hope Street, Thirty-Fifth Floor
Los Angeles, California 90071-1406
Telephone: 213.626.2311
Facsimile: 213.629.4520

General Bankruptcy Counsel for Project Playlist, Inc.,
Debtor and Debtor in Possession

Robert B. Kory (CA Bar No. 110750)
 rkory@rbklaw.com
Law Offices of Robert Kory
9300 Wilshire Boulevard., Suite 200
Beverly Hills, CA 90212
Telephone: 310-285-1630
Facsimile: 310-278-7641

Special Litigation and Corporate Counsel for
Debtor and Debtor in Possession

FILED & ENTERED

FEB 22 2011

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY penning DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>PROJECT PLAYLIST, INC.,<br>a Delaware Corporation,<br>Case No. 2:10-bk-42927 TD<br><br>    Debtor. | Case No. 2:10-bk-42927 TD<br><br>Chapter 11<br><br>(Jointly Administered with<br> Case No. 2:10-bk-42946 TD) |
| In re<br><br>PLAYLIST, INC.,<br>a Delaware Corporation,<br>Case No. 2:10-bk-42946 TD<br><br>    Debtor. | **THIRD ORDER GRANTING USE OF PURPORTED CASH COLLATERAL PURSUANT TO SECTION 363(c) OF THE BANKRUPTCY CODE AND RULE 4001(b) OF THE FEDERAL RULES OF BANKRUPTCY**<br><br>[Relates to Dkt No. 15] |
| ___ Affects PROJECT PLAYLIST, INC. only<br><br>___ Affects PLAYLIST, INC. only<br><br> X  Affects both Debtors | **DATE:** February 16, 2011<br>**TIME:** 11:00 a.m.<br>**PLACE:** U.S. Bankruptcy Court<br>     Courtroom 1345<br>     255 E. Temple Street<br>     Los Angeles, CA 90012 |

MHOROUPIAN\ 707408.2 2/17/2011 (12:48 PM)

**IN SAID DISTRICT, AT LOS ANGELES, CALIFORNIA, AT THE TIME AND PLACE DESCRIBED ABOVE:**

A further hearing was conducted on the *"Motion On Shortened Time for Interim and Final Orders Authorizing Use of Purported Cash Collateral Pursuant to Section 363(c) of the Bankruptcy Code and Rule 4001(b) of the Federal Rules of Bankruptcy Procedures"* [Dkt No. 15] (the "Motion") filed by Project Playlist, Inc., the debtor and debtor in possession herein (the "PPL"), and jointly-administered debtor Playlist, Inc. ("Playlist"), for authority to use cash collateral.  Mark S. Horoupian of **Sulmeyer**Kupetz appeared on behalf of PPL; Wayne Terry of Hemar Rousso & Heald appeared on behalf of secured creditor UMG Recordings, Inc., UMG Recording Services, Inc. and Universal Music Publishing Group (collectively, "UMG"); Roger F. Friedman of Rutan & Tucker, LLP, appeared on behalf of the consolidated Official Committee of Unsecured Creditors (the "Committee"); Theodore Dillman of Latham & Watkins, appeared on behalf of EMI Music North America; other appearances are as noted on the record.  (PPL and Playlist may be collectively referred to herein as the "Debtors.")

Based upon the Motion; the further pleadings filed by the Debtors, and the agreement reached between the Debtors, UMG and the Other Labels[1][2] discussed in the Debtors' further pleadings and on the record, the Court hereby **ORDERS THAT:**

1. Subject to the payments being made in paragraph 3, the Debtors will be authorized to use purported cash collateral of UMG for the period commencing on February 5, 2011 and ending on April 20, 2011 (the "Third Budget Period"), in accordance with the budget, which is attached hereto as Exhibit 1 (the "Budget").  As requested in the Motion, the Debtor shall be entitled to a variance of up to 15% per line item and 10% of the

---

[1] The "Other Labels" are defined as EMI Music North America (together with its affiliates, "EMI"), Sony Music Entertainment (together with its affiliates, "Sony"), Music and Entertainment Rights Licensing Independent Network BV (together with its affiliates, "Merlin") and Warner Music Group and Atlantic Recording Corporation (collectively with their affiliates, "Warner").

[2] UMG and the Other Labels are sometimes collectively referred to herein as the "Labels."

cumulative expenditures under the Budget, other than with respect to the Label Payments as specified in paragraph 3 hereinbelow.

    2.    Subject to the payments being made in paragraph 3 during the Third Budget Period, UMG consents to Playlist's use of cash collateral for health insurance and professional fees.

    3.    PPL shall pay monthly payments (the "Label Payments") to the Labels in the following amounts during the Third Budget Period:

| | |
|---|---|
| UMG | $250,000 |
| Sony | $115,000 |
| Warner | $ 50,000 |
| EMI | $ 25,000 |
| Merlin | $ 20,000 |
| Label Payments Total: | $460,000 |

The Label Payments shall be due on the Friday of each week that the Label Payments are scheduled to be made in the Budget (*i.e.*, weeks ending March 18, 2011, and April 15, 2011).

    4.    During the Third Budget Period, and provided that the payments are made, the Labels will release the Debtors, their principals, employees, consultants (as listed in the Budget), shareholders, directors, officers and Attorneys[3] from liability for copyright infringement and/or breach of contract occurring during the Third Budget Period, arising solely out of PPL's continued operation of its service that displays music search results and user playlists and provides streaming of such music from third-party sites (the "Service"). Other than with respect to the operation of the Service during the Third Budget Period, the rights of each of the Labels to argue that: (a) PPL is violating its copyrights or is or has been in breach of the parties' settlement agreement(s), license(s) or promissory note(s); or

---

[3] "Attorneys" shall mean the following law firms (including all professionals and staff employed at said firms): **Sulmeyer**Kupetz; Winthrop Couchot; Law Offices of Robert Kory; Rincon Venture Law Group (K. Andrew Kent); and Quinn Emanuel Urquhart Oliver & Hedges.

(b) they are accruing a postpetition administrative claims against the Debtors' bankruptcy estates, will not be prejudiced in any way. Rather, these rights will be specifically reserved to the end of the Third Budget Period. Notwithstanding any of the foregoing, and for purposes of clarification, EMI and Warner are reserving the right to assert contractual claims against the Estate under their existing licenses and/or distribution agreements during the Third Budget Period. As further clarification, EMI and Warner are reserving the right to assert that they did not release such claims during the Second Budget Period (October 28, 2010 through February 18, 2011) but rather, that these rights were preserved.

5. Furthermore, with respect to the Other Labels, because they did not receive Label Payments for the first Budget Period (August 6, 2010 through October 27, 2010) (the "First Budget Period"), their right to argue that postpetition administrative claims were accrued during the First Budget Period is preserved. Additionally, the amount of the Label Payments does not constitute an admission by the Debtors or the Labels in any regard as to the amount of liability, if any, owed to any of the Labels.

6. During the Third Budget Period, the Debtors will not file any avoidance actions against UMG.

7. During the Third Budget Period, the Debtors agree that if they seek to sell their assets to a buyer that they will disclose to UMG and the Committee the terms of such sale, including the identity of any buyer at least five (5) days before filing any motion to seek the approval of the sale.

8. The reservation of rights by the Committee described in paragraph 9 of the *"Order Approving the Use of Cash Collateral for the Second Budget Period"* [Dkt No. 83], shall apply to the Third Budget Period covered by this Order.

9. On April 20, 2011 at 10:00 a.m., the Court will conduct a further hearing on the Debtors' Cash Collateral Motion. Any further pleading by the Debtors in support of cash collateral use, including a report of the progress towards closing an investment or other transaction, shall be filed and served not later than fourteen (14) days before the hearing. Any further opposition by the Labels, the Committee, or any other party shall be filed and

served not later than seven (7) days before the hearing. All pleadings must be hand delivered to the Court on so they are actually received by the Court on the date due.

**IT IS SO ORDERED.**

# # #

DATED: February 22, 2011

_____
United States Bankruptcy Judge

# EXHIBIT "1"

Exhibit 1 - Cash Budget

| | Week ending 2/25 | 3/4 | 3/11 | 3/18 | 3/25 | 4/1 | 4/8 | 4/15 | 4/22 |
|---|---|---|---|---|---|---|---|---|---|
| Opening cash | $2,090,442 | $1,657,042 | $2,026,227 | $2,591,500 | $2,173,889 | $1,761,763 | $2,292,484 | $2,562,681 | $2,077,792 |
| Collections | $71,180 | $483,600 | $571,723 | $158,504 | $47,454 | $621,136 | $294,197 | $50,176 | $79,664 |
| **Payments** | | | | | | | | | |
| Salaries (see wage detail) | $0 | $68,315 | $0 | $68,315 | $0 | $68,315 | $0 | $68,315 | $0 |
| Sales commissions (see wage detail) | 0 | 21,600 | 0 | 0 | 0 | 21,600 | 0 | 0 | 0 |
| PTO | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Benefits | 0 | 0 | 6,000 | 2,500 | 0 | 0 | 0 | 6,000 | 2,500 |
| **Consultants** | | | | | | | | | |
| Gardi, Paul | 0 | 24,000 | 0 | 0 | 0 | 0 | 24,000 | 0 | 0 |
| Sales consultants | 12,000 | 0 | 0 | 0 | 12,000 | 0 | 0 | 0 | 0 |
| Technical consultants | 21,400 | 0 | 0 | 0 | 21,400 | 0 | 0 | 0 | 0 |
| Investment Banker | 100,000 | 0 | 0 | 0 | 25,000 | 0 | 0 | 0 | 25,000 |
| Consultants Total | 133,400 | 24,000 | 0 | 0 | 58,400 | 0 | 24,000 | 0 | 25,000 |
| Travel | 30,000 | 0 | 0 | 0 | 30,000 | 0 | 0 | 0 | 0 |
| **Network** | | | | | | | | | |
| CDN-Limelight | 45,000 | 0 | 0 | 0 | 45,000 | 0 | 0 | 0 | 0 |
| Domain name-Playlist, Inc. | 15,000 | 0 | 0 | 0 | 15,000 | 0 | 0 | 0 | 0 |
| Colo-Hurricane Electric | 12,500 | 0 | 0 | 0 | 12,500 | 0 | 0 | 0 | 0 |
| Colo-Equinix | 19,000 | 0 | 0 | 0 | 19,000 | 0 | 0 | 0 | 0 |
| Ad Serve-DoubleClick | 70,000 | 0 | 0 | 0 | 70,000 | 0 | 0 | 0 | 0 |
| Data backup-Amazon | 0 | 500 | 0 | 0 | 0 | 500 | 0 | 0 | 0 |
| Customer Svc-nGenera | 300 | 0 | 0 | 0 | 300 | 0 | 0 | 0 | 0 |
| Email management | 0 | 0 | 0 | 20,000 | 0 | 0 | 0 | 0 | 20,000 |
| Music metadata | 0 | 0 | 0 | 25,000 | 0 | 0 | 0 | 0 | 12,500 |
| Network Total | 161,800 | 500 | 0 | 45,000 | 161,800 | 500 | 0 | 0 | 32,500 |
| **Record labels** | | | | | | | | | |
| Universal | [Note 1] | 0 | 0 | 250,000 | 0 | 0 | 0 | 250,000 | 0 |
| Sony | [Note 1] | 0 | 0 | 115,000 | 0 | 0 | 0 | 115,000 | 0 |
| Warner | [Note 1] | 0 | 0 | 50,000 | 0 | 0 | 0 | 50,000 | 0 |
| EMI | [Note 1] | 0 | 0 | 25,000 | 0 | 0 | 0 | 25,000 | 0 |
| Merlin | [Note 1] | 0 | 0 | 20,000 | 0 | 0 | 0 | 20,000 | 0 |
| Record labels Total | 0 | 0 | 0 | 460,000 | 0 | 0 | 0 | 460,000 | 0 |
| **Performing rights** | | | | | | | | | |
| ASCAP | 15,000 | 0 | 0 | 0 | 15,000 | 0 | 0 | 0 | 0 |
| BMI | 15,000 | 0 | 0 | 0 | 15,000 | 0 | 0 | 0 | 0 |
| SESAC | 8,500 | 0 | 0 | 0 | 8,500 | 0 | 0 | 0 | 0 |
| Performing rights Total | 38,500 | 0 | 0 | 0 | 38,500 | 0 | 0 | 0 | 0 |
| **Legal** | | | | | | | | | |
| Licensing counsel [Note 2] | 20,000 | 0 | 0 | 0 | 20,000 | 0 | 0 | 0 | 0 |
| Copyright counsel | 10,000 | 0 | 0 | 0 | 10,000 | 0 | 0 | 0 | 0 |
| Sulmeyer, Kupetz | 25,000 | 0 | 0 | 0 | 25,000 | 0 | 0 | 0 | 0 |
| Law Offices of Robert Kory | 25,000 | 0 | 0 | 0 | 25,000 | 0 | 0 | 0 | 0 |
| Rutan & Tucker | 25,000 | 0 | 0 | 0 | 25,000 | 0 | 0 | 0 | 0 |
| Legal Total | 105,000 | 0 | 0 | 0 | 105,000 | 0 | 0 | 0 | 0 |
| Rent | 5,000 | 0 | 0 | 0 | 5,000 | 0 | 0 | 0 | 0 |
| Accounting | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Insurance | 210 | 0 | 0 | 0 | 30,210 | 0 | 0 | 0 | 0 |
| Taxes | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Equipment | 26,500 | 0 | 0 | 0 | 26,500 | 0 | 0 | 0 | 0 |
| Facilities | 4,170 | 0 | 450 | 300 | 4,170 | 0 | 0 | 750 | 0 |
| US Trustee | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Payments Total | $504,580 | $114,415 | $6,450 | $576,115 | $459,580 | $90,415 | $24,000 | $535,065 | $60,000 |
| Weekly cash surplus (burn) | ($433,400) | $369,185 | $565,273 | ($417,611) | ($412,126) | $530,721 | $270,197 | ($484,889) | $19,664 |
| Ending cash | $1,657,042 | $2,026,227 | $2,591,500 | $2,173,889 | $1,761,763 | $2,292,484 | $2,562,681 | $2,077,792 | $2,097,456 |
| Ending accounts receivable | $2,394,743 | $2,761,143 | $2,189,419 | $2,030,915 | $1,983,461 | $2,212,325 | $1,918,128 | $1,867,952 | $1,788,288 |

Note 1: Record labels will be also be paid on February 18 per the arrangement under the two-week extension. These payments are not listed on this schedule, however, as the week ending February 18 pre-dates the weeks listed on this schedule.

Note 2: Licensing counsel has not been retained at this time, and no amounts will be paid to any such counsel, if retained, absent court approval.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
333 South Hope Street, Thirty-Fifth Floor, Los Angeles, California  90071-1406


A true and correct copy of the foregoing document described as **"THIRD ORDER GRANTING USE OF PURPORTED CASH COLLATERAL PURSUANT TO SECTION 363(c) OF THE BANKRUPTCY CODE AND RULE 4001(b) OF THE FEDERAL RULES OF BANKRUPTCY"** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the e-mail address indicated below:

☐ Service Information continued on attached page.

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served): On _____, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow.  *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

☐ Service Information continued on attached page.

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P.5 and/or controlling LBR, on February 17, 2011, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method ) by facsimile transmission and/or email as follows.  *Listing the judge here constitutes a declaration that personal delivery to the judge will be completed no later than 24 hours after the document is filed.*

**The Honorable Thomas B. Donovan**
**U.S. Bankruptcy Court**
**255 E. Temple St., Suite 1352**
**Los Angeles, CA  90012-3332**

☒ Service Information continued on attached page.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


| February 17, 2011 | Kathleen Fox | /s/ Kathleen Fox |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*    **F 9013-3.1.PROOF.SERVICE**

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled **"THIRD ORDER GRANTING USE OF PURPORTED CASH COLLATERAL PURSUANT TO SECTION 363(c) OF THE BANKRUPTCY CODE AND RULE 4001(b) OF THE FEDERAL RULES OF BANKRUPTCY"** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order.  As of February 17, 2011, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below:

⊠ Service Information continued on attached page.

**II. SERVED BY THE COURT VIA U.S. MAIL**:  A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

☐ Service Information continued on attached page.

**III. TO BE SERVED BY THE LODGING PARTY:**  Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s) and/or email address(es) indicated below:

⊠ Service Information continued on attached page.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*    **F 9021-1.1.NOTICE.ENTERED.ORDER**

**ADDITIONAL SERVICE INFORMATION:**

- Vanessa L. Au, Esq. — Pilot Group II, LLP — vanessaau@paulhastings.com
- Roger Friedman Esq. — Official Committee of Unsecured Creditors — rfriedman@rutan.com
- Eric J. Fromme, Esq. — Counsel for WMG Entities *(Atlantic Recording Corp., Elektra Ent. Group, Inc., Warner Music, Inc., Warner Bros. Records, Inc.*
- *and Warner/Chappell Music, Inc.)* — efromme@rutan.com
- Alan S. Gutman, Esq. — Counsel for WMG Entities *(Atlantic Recording Corp., Elektra Ent. Group, Inc., Warner Music, Inc., Warner Bros. Records, Inc. and Warner/Chappell Music, Inc.)* — alangutman@gutmanlaw.com
- Garrick Hollander, Esq. — Counsel for Debtor Playlist, Inc. — sconnor@winthropcouchot.com
- Mark S. Horoupian — Counsel for Debtor Project Playlist, Inc. — mhoroupian@sulmeyerlaw.com
- David S. Kupetz, Esq. — Counsel for Debtor Project Playlist, Inc. — dkupetz@sulmeyerlaw.com
- Dare Law, Esq. — OUST (LA) — dare.law@usdoj.gov
- Richard Levy, Esq. — Courtesy NEF — rlevy@pryorcashman.com
- Office of the U.S. Trustee [LA] — ustpregion16.la.ecf@usdoj.gov
- Wayne R. Terry, Esq. — Counsel for UMG Recordings — wterry@hemar-rousso.com
- Marcus Tompkins — Counsel for Debtor Project Playlist, Inc. — mtompkins@sulmeyerlaw.com
- Marc J. Winthrop, Esq. — Counsel for Debtor Playlist, Inc. — mwinthrop@winthropcouchot.com

**PROJECT PLAYLIST CREDITORS' COMMITTEE MEMBERS**

- EMI Music N.A. — Matthew Rothman, Director of Legal Affairs — matthew.rothman@emicap.com
- Limelight Networks, Inc. — Philip C. Maynard, Senior V.P. & CLO — phil@llnw.com
- Media Breakaway — Steven Richter, Esq., President & General Counsel — steve@mediabreakaway.com
- Orchard Enterprises NY, Inc. — Jason Pascal, Esq., V.P. & Senior Counsel — pascal@theorchard.com
- Sony Music Ent. — Ellen Hochberg, Senior Director, Business & Legal Affairs — ellen.hochberg@sonymusic.com

**REQUEST FOR SPECIAL NOTICE**

- Scott E. Blakeley Esq. — Counsel for Google, Inc. — seb@blakeleyllp.com
- Mahsa Hakimi, Esq. — 1010 Wilshire, LLC — mahsa@hakimilaw.com
- Sarah Harnett, Esq. — Counsel for WMG Entities — sharnett@paulweiss.com
- Brian S. Hermann, Esq. — Counsel for WMG Entities — bhermann@paulweiss.com
- P.J. Marksbury — Winthrop Couchot — pj@winthropcouchot.com
- Tucker McCrady — Warner Music Group Corp. — Tucker.McCrady@wmg.com
- Marc J. Winthrop, Esq. — Counsel for Debtor Playlist, Inc. — mwinthrop@winthropcouchot.com

**20 LARGEST UNSECURED CREDITORS — SERVED VIA E-MAIL**

- Alhambra & Sierra Springs, Inc. — Bankruptcy Dept. — Bankruptcy@water.com
- Jason Berman — grandjay@mac.com
- Peter Brodsky — Sony/ATV Music Publishing — peter.brodsky@sonyatv.com
- Philip C. Canelli — EMI Music-North America — phil.canelli@emimusic.com
- Derek Dessler — Universal Music Group — derek.dessler@umusic.com
- Jack Doyle — Wilson Sonsini Goodrich & Rosa — JDoyle@wsgr.com
- Anna Espinoza — Quist Valuation — espinoza@quistvaluation.com
- Peter Gilhuly, Esq. — EMI Entertainment World — Peter.Gilhuly@lw.com
- Julie Guarnotta — Doubleclick — jguarnotta@google.com
- christopher.c@google.com
- Fern Lee, Esq. — Davis Shapiro Lewit & Hayes, LLP — fern@davisshapiro.com
- Virginia Williams — BMI — VWilliams@BMI.com
- Robert B. Kory — Law Offices — rkory@rbklaw.com
- fokshtein@rbklaw.com

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010* **F 9021-1.1.NOTICE.ENTERED.ORDER**

- Charlie Lexton, Esq. — Music & Ent. Rights Licensing Ind. Network BV/MERLIN    charlie@merlinnetwork.org
- Justin Levenson — SESAC    jlevenson@SESAC.com
- Susan Meisel, Esq. — Sony/ATV Music Publishing/Sony BMG Music Ent./    susan.meisel@sonymusic.com
  Sony Music Ent/.Sony Music Ent. Canada/Total Music, Inc.    peter.brodsky@sonyatv.com
     Ellen.Hochberg@sonymusic.com
- Christine Pepe, Esq. — ASCAP    CPepe@ascap.com
- Mark Resnick — Vindicia, Inc.    mresnick@vindicia.com
- Steven S. Richter, Esq. — Media Breakaway, LLC    Steve@MediaBreakaway.com
- Paul Robinson, Esq. — Atlantic Recording Corp./Elektra Ent. Group, Inc./    paul.robinson@wmg.com
-     Warner Bros. Records, Inc./Warner Music, Inc./Warner/Chappell Music, Inc.
- Stuart Rosen — BMI    SRosen@bmi.com
- Claude M. Stern, Esq. — Quinn Emanuel Urquhart & Sullivan, LLP    claudestern@quinnemanuel.com
- Adam Weinstein, Esq. — New Motion, Inc./Atrinsic, Inc.    adam.weinstein@atrinsic.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*      **F 9021-1.1.NOTICE.ENTERED.ORDER**